IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-79-D

| | |
|---|---|
| SOHO WILMINGTON LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BARNHILL CONTRACTING COMPANY, ) | |
| and SCP-EW RIVER PLACE, LLC, ) | |
| ) | |
| Defendants. ) | |

On July 25, 2018, SOHO Wilmington LLC ("SOHO" or "plaintiff") filed an amended complaint against Barnhill Contracting Company ("Barnhill") and SCP-EW River Place, LLC ("SCP-EW," collectively "defendants"), seeking relief for nuisance under North Carolina law [D.E. 33]. On August 20, 2018, Barnhill moved to dismiss the amended complaint for failure to join necessary and indispensable parties [D.E. 41] and filed a memorandum in support [D.E. 42]. On September 4, 2018, SCP-EW moved to dismiss the amended complaint on the same grounds [D.E. 43]. SOHO responded in opposition to each motion [D.E. 45, 47]. As explained below, the court denies both motions to dismiss.

I.

SOHO owns the Hotel Ballast, located at 301 North Water Street, Wilmington, North Carolina. See Am. Compl. [D.E. 33] ¶¶ 8–10. The Hotel Ballast "is the largest convention hotel in eastern North Carolina" and a regular destination for many travelers. Id. ¶ 11. Recently, SOHO completed a multi-million dollar renovation that upgraded all hotel rooms, added a new restaurant, and improved other areas, such as the hotel lobby and pool. See id. ¶ 12. Hotel patrons can enter

the property at two entrances. See id. ¶ 13. One entrance is north of the intersection of Water Street and Grace Street. The other entrance is south of the intersection. See id. The hotel's two parking lots connect through a raised unloading area. Id. ¶ 14. This area is not suitable for commercial vehicles and is designed for one-way traffic. Id. ¶ 15.

In June 2016, the City of Wilmington ("City") entered a purchase and development agreement with Water Street Ventures. See id. ¶¶ 16, 18. Water Street Ventures agreed to construct storm drainage and other improvements for River Place, a mixed-use development space scheduled for completion in 2020. See id. ¶¶ 17–18. In January 2018, Water Street Ventures and East West Partners, the River Place developer, assigned all rights and duties in the River Place contracts to SCP-EW. See id. ¶ 20.[1] Barnhill is the construction manager and general contractor for the River Place project. See id. ¶ 21; [D.E. 42] 3. Defendants' construction is part of the City's planned improvements to Water Street. See [D.E. 33] ¶ 22. SCP-EW and Barnhill are also "installing new water and sewer lines beneath Water Street between Chestnut Street and Grace Street" for the Cape Fear Public Utility Authority ("CFPUA"). Id.

In January 2018, construction began. Id. ¶ 23. From the outset, the construction blocked access to the hotel's southern entrance. See id. ¶ 24. SOHO alleges that this blockage "negatively affected the flow of traffic" onto the property. Id. ¶ 25. In June 2018, the southern entrance to the property re-opened. See id. ¶ 26. However, Water Street remained closed from the hotel's southern entrance to Princess Street, and the area was not expected to re-open until September 2018. Id. SOHO alleges that the construction blocked access to the southern entrance of the hotel until June 15, 2018. Id. ¶ 27. To alleviate these burdens, SOHO met with defendants to discuss the construction. See id. ¶¶ 26–29. Although defendants took some steps to alleviate the impact on

---

[1] Water Street Ventures and East West Partners are no longer defendants. See [D.E. 32].

2

SOHO, they failed to address all of SOHO's concerns. See id. ¶ 30. For example, SOHO objects to the continued closure of Grace Street, the primary street for hotel patrons. See id. ¶ 48.

SOHO alleges that the construction has harmed the hotel. See id. ¶¶ 31–41. The harms include blocked access to the hotel's southern entrance during the spring of 2018, the closure of Grace Street, structural damage to two stairwells on the Hotel Ballast property, expenses incurred in responding to the inconveniences caused for hotel patrons, stigma resulting from the unpleasant construction environment, negative publicity from online reviews characterizing the hotel as a "warzone [sic]" due to the construction, and obstruction of public views from the hotel. See id. ¶¶ 31–41, 47. SOHO alleges that the construction constitutes a private nuisance. Id. ¶¶ 42–50. SOHO seeks damages, an order requiring Barnhill and SCP-EW to abate the nuisance, an order requiring prompt completion of the construction, and any further appropriate relief. Id. at 10 (prayer for relief).

On August 20, 2018, Barnhill moved to dismiss the amended complaint for failure to join necessary and indispensable parties [D.E. 41]. On September 4, 2018, SCP-EW also moved to dismiss the amended complaint and incorporated Barnhill's arguments [D.E. 43]. Defendants contend that the City of Wilmington and the CFPUA are necessary and indispensable parties under Rule 19 of the Federal Rules of Civil Procedure. Thus, according to defendants, the court should dismiss SOHO's amended complaint because SOHO did not join them as defendants. See Fed. R. Civ. P. 12(b)(7), 19.

II.

Subject-matter jurisdiction is based on diversity of citizenship. Thus, the court applies state substantive principles and federal procedural rules. See Erie R.R. v. Tompkins, 304 U.S. 64, 78–80 (1938); Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002). Federal law governs joinder under

3

Rule 19. See, e.g., Provident Tradesmens Bank & Tr. Co. v. Patterson, 390 U.S. 102, 125 n.22 (1968). State law, however, informs the relevant interests of the parties and potential parties. See id.; HB Gen. Corp. v. Manchester Partners, L.P., 95 F.3d 1185, 1192 (3d Cir. 1996); Krueger v. Cartwright, 996 F.2d 928, 931 (7th Cir. 1993); Whalen v. Carter, 954 F.2d 1087, 1096 & n.8 (5th Cir. 1992).

In determining whether a party should be joined under Rule 19, the court asks (1) whether the party is necessary to the action and, if so, (2) whether the party is indispensable. See Fed. R. Civ. P. 19; Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005). Although all indispensable parties are necessary parties, all necessary parties are not indispensable parties. See Schlumberger Indus., Inc. v. Nat'l Sur. Corp., 36 F.3d 1274, 1285–86 (4th Cir. 1994). To determine whether a party is "necessary," the court examines the party's relationship to the action. See Owens-Ill., Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999). If there is a necessary party that is either non-diverse or not subject to service of process, then the court must determine whether that party is also indispensable. Id. If a necessary, non-diverse party is indispensable, then the court lacks diversity jurisdiction and should grant a motion to dismiss under Rule 12(b)(7). See id. at 442. The party seeking dismissal bears the burden of proof. See Wood, 429 F.3d at 92.

Dismissal for failure to join a necessary party is "a drastic remedy" to be employed "only sparingly." Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 918 (4th Cir. 1999); see Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 433 (4th Cir. 2014); Meade, 186 F.3d at 441; Landress v. Tier One Solar LLC, 243 F. Supp. 3d 633, 639 (M.D.N.C. 2017) ("[C]ourts are extremely reluctant to grant motions to dismiss based on nonjoinder . . . ."). The court must evaluate joinder pragmatically in light of the record and not as a "procedural formula." Patterson, 390 U.S. at 119 n.16; Hanna, 750 F.3d at 433. District courts enjoy broad discretion in applying

Rule 19. See Nat'l Union Fire Ins. Co. of Pittsburgh v. Rite Aid of S.C., Inc., 210 F.3d 246, 250 (4th Cir. 2000); Coastal Modular Corp. v. Laminators, Inc., 635 F.2d 1102, 1108 (4th Cir. 1980); EFA Props., Inc. v. Lake Toxaway Cmty. Ass'n, Inc., No. 1:17-CV-52, 2018 WL 296036, at *7 (W.D.N.C. Jan. 4, 2018) (unpublished).

A.

Initially, the court addresses whether the City and the CFPUA are necessary parties under Rule 19(a). Rule 19(a) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). To determine whether the City and the CFPUA are necessary parties under Rule 19(a), the court considers (1) whether complete relief can be accorded in their absence among the existing parties, (2) whether nonjoinder may impede their ability to protect their claimed interests at stake, and (3) whether nonjoinder may leave defendants subject to a substantial risk of multiple or inconsistent obligations. See Key Constructors, Inc. v. Harnett Cty., 315 F.R.D. 179, 183–84 (E.D.N.C. 2016); Cty. of Brunswick v. Bond Safeguard Ins. Co., No. 7:12-CV-123-D, 2013 WL 663720, at *3–4 (E.D.N.C. Feb. 22, 2013) (unpublished).

As for whether the court can accord complete relief among the existing parties without the

5

City or the CFPUA, the court can do so. "Complete relief is any relief that will effectively and completely adjudicate the dispute." Pettiford v. City of Greensboro, 556 F. Supp. 2d 512, 518 (M.D.N.C. 2008) (quotation omitted). "Complete relief" refers to "relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." Dow v. Jones, 232 F. Supp. 2d 491, 498 (D. Md. 2002) (quotation omitted); see, e.g., Hanna, 750 F.3d at 435. SOHO primarily seeks damages. See [D.E. 33] 10; [D.E. 45] 8. This court can adequately assess monetary damages among the existing parties without either the City or the CFPUA. See, e.g., Key Constructors, 315 F.R.D. at 184; Cty. of Brunswick, 2013 WL 663720, at *3; Pettiford, 556 F. Supp. 2d at 518.

SOHO also seeks an order directing Barnhill and SCP-EW to abate the nuisance and directing Barnhill and SCP-EW to complete construction promptly. See [D.E. 33] 10. Barnhill argues that, without joinder of the City and the CFPUA, such injunctive relief would not be possible. See [D.E. 42] 11–12. This argument, however, assumes that injunctive relief would be appropriate, which SOHO has not established. See, e.g., Envtl. Def. Fund, Inc. v. Lamphier, 714 F.2d 331, 337 (4th Cir. 1983) ("[T]o obtain injunctive relief, a plaintiff must prove that legal remedies are inadequate, that risk of an irreparable injury exists, and that the balance of equities justifies an injunction."); cf. Wiseman v. Tomrich Constr. Co., 250 N.C. 521, 524, 109 S.E.2d 248, 251 (1959); Morgan v. High Penn Oil Co., 238 N.C. 185, 194–95, 77 S.E.2d 682, 690 (1953); Broadbent v. Allison, 176 N.C. App. 359, 370, 626 S.E.2d 758, 766 (2006) ("Though a prevailing plaintiff in a private nuisance action may . . . be awarded damages, injunctive relief, or both, injunctive relief is not mandated in every situation."); Mayes v. Tabor, 77 N.C. App. 197, 200, 334 S.E.2d 489, 490–91 (1985). Barnhill also suggests that injunctive relief will prevent the City and the CFPUA from completing the River Place construction and challenge their property rights as landowners. See, e.g.,

[D.E. 42] 5, 7. In analyzing the first Rule 19(a) factor, however, the court considers only the existing parties, not absent parties. See Fed. R. Civ. P. 19(a)(1)(A); Hanna, 750 F.3d at 435; Dow, 232 F. Supp. 2d at 498. Accordingly, the court rejects defendants' arguments. The first Rule 19(a) factor does not support finding that either the City or the CFPUA is a necessary party.

As for the second Rule 19(a) factor, the court focuses on whether nonjoinder of the absent parties would impede the absent parties' ability to protect their claimed interests. See Key Constructors, 315 F.R.D. at 183–85. Neither the City nor the CFPUA has claimed any interest. See Fed. R. Civ. P. 19(a)(1)(B) (noting that joinder is required if, in part, "that person claims an interest" (emphasis added)); Wood, 429 F.3d at 93; N.C. Piping & Promotional Fund v. Johnson Controls, Inc., No. 1:11-CV-248, 2014 WL 689776, at *3 (M.D.N.C. Feb. 20, 2014) (unpublished), report and recommendation adopted, 2014 WL 1230223 (M.D.N.C. Mar. 25, 2014) (unpublished); Barnhardt v. Scottsdale Ins. Co., No. 1:13-CV-637, 2014 WL 98803, at *3 (M.D.N.C. Jan. 9, 2014) (unpublished) (collecting cases); Oklahoma v. Tyson Foods, Inc., 258 F.R.D. 472, 476–79 (N.D. Okla. 2009). Although the record does not indicate whether the City or the CFPUA knows about this litigation, Barnhill fails to offer any evidence on this point. See [D.E. 45] 6–7. Accordingly, the second 19(a) factor does not support finding that either the City or the CFPUA is a necessary party.

Next, defendants argue that, because the City and the CFPUA have contracted with SCP-EW, they are necessary parties under Rule 19(a). See [D.E. 42] 7. Generally, parties to a contract are necessary parties under Rule 19(a) to an action contesting the validity or interpretation of that contract. See Delta Fin. Corp. v. Paul D. Comanduras & Assocs., 973 F.2d 301, 305 (4th Cir. 1992); In re N.C. Swine Farm Litig., No. 5:15-CV-13-BR, 2017 WL 2312883, at *5 (E.D.N.C. May 25, 2017) (unpublished); Thimbler, Inc. v. Unique Sols. Design USA, Ltd., No. 5:12-CV-695-BR, 2014

7

WL 1663418, at *3 (E.D.N.C. Apr. 25, 2014) (unpublished). SOHO, however, does not challenge the validity or interpretation of the contracts between SCP-EW, the City, and the CFPUA. To the contrary, SOHO seeks prompt performance of those contracts. See [D.E. 33] 10. Accordingly, the fact that SOHO's nuisance action concerns the same subject-matter (i.e., the River Place construction) as the contracts does not mean that the City and the CFPUA are necessary parties. See, e.g., Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 881–83 (9th Cir. 2004); Sch. Dist. v. Sec'y of U.S. Dep't. of Educ., 584 F.3d 253, 302–03 (6th Cir. 1999) (en banc); Lomayaktewa v. Hathaway, 520 F.2d 1324, 1325 (9th Cir. 1975).

Similarly, the court rejects Barnhill's argument that because the City and the CFPUA own the properties on which the construction is occurring renders them necessary parties. Not all landowners are necessary parties to actions that might affect their properties. See, e.g., In re N.C. Swine Farm Nuisance Litig., 2017 WL 2312883, at *4–5. To be sure, the fact that SOHO seeks injunctive relief relating to these properties implicates their property interests. See id. (noting that the plaintiff did not seek injunctive relief). However, even if this fact supported the conclusion that the City and the CFPUA are necessary parties, other facts do not. Cf. Cty. of Brunswick, 2013 WL 663720 at *5 (holding that an absent party was not necessary under Rule 19(a) despite one factor favoring that conclusion).

As for the third Rule 19(a) factor, whether nonjoinder leaves defendants at substantial risk of multiple or inconsistent obligations, the risk is not substantial. First, there is no pending parallel litigation in state court. See Hanna, 750 F.3d at 434–35; Meade, 186 F.3d at 441. Second, this court can craft a judgment that would afford SOHO with complete monetary relief while avoiding any inconsistent legal obligation.

In opposition, Barnhill argues that, under North Carolina law, issue preclusion could bind

the City or the CFPUA in future litigation on the issue of nuisance. See [D.E. 42] 6–7. In North Carolina, issue preclusion binds only an entity that was either in privity with a party or was itself a party to a prior action in which an issue was fully litigated, decided, and necessary to the action's disposition. See Hales v. N.C. Ins. Guar. Ass'n, 337 N.C. 329, 333–34, 445 S.E.2d 590, 594 (1994). Here, this risk is not substantial. See State ex rel. Tucker v. Frinzi, 344 N.C. 411, 417, 474 S.E.2d 127, 130 (1996); Hales, 337 N.C. at 333–34, 445 S.E.2d at 594. Moreover, defendants' argument concerns the absent parties, but the third Rule 19(a) factor concerns the existing parties. See Fed. R. Civ. P. 19(a)(1)(B)(ii). Finally, the third Rule 19(a) factor also requires that the absent parties claim an interest at stake in the litigation. See Fed. R. Civ. P. 19(a)(1)(B). Neither the City nor the CFPUA has done so. Accordingly, the third Rule 19(a) factor does not support finding that either the City or the CFPUA is a necessary party to this action.

Barnhill also argues that the failure to join the City and the CFPUA undercuts its ability to present legal and factual defenses against SOHO's nuisance claim, such as the suitability of the location for the challenged land use. See [D.E. 42] 8–9. This argument does not address any Rule 19(a) factor. Cf. Nat'l Union Fire, 210 F.3d at 250; Coastal Modular Corp., 635 F.2d at 1108. Thus, the court rejects the argument.

Neither the City of Wilmington nor the CFPUA is a necessary party under Rule 19(a). See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 385–89 (2d Cir. 2006); Wood, 429 F.3d at 92–93; Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404–13 (3d Cir. 1993); Coastal Modular Corp., 635 F.2d at 1107–08; Key Constructors, Inc., 315 F.R.D. at 184; In re Chinese Manufactured Drywall Prods. Liab. Litig., 273 F.R.D. 380, 384–91 (E.D. La. 2011). Thus, the court denies the motion to dismiss.

B.

Alternatively, even assuming that the City and the CFPUA are necessary parties, neither Barnhill nor SCP-EW argues that joinder would defeat complete diversity or that service of process is impossible. See [D.E. 41, 43]. If joinder is possible, a court should order joinder because the Fourth Circuit strongly disfavors dismissal as a remedy. See Hanna, 750 F.3d at 433; Trans Energy, Inc. v. EQT Prod. Co., 743 F.3d 895, 901 (4th Cir. 2014); Teamsters Local Union, 173 F.3d at 918; Constructure Mgmt., Inc. v. Berkley Assurance Co., No. GLR-16-0284, 2017 WL 818717, at *3 (D. Md. Mar. 2, 2017) (unpublished). Here, for both absent parties, service of process is possible. See, e.g., Fed. R. Civ. P. 4(j); Tommy Davis Constr., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 65 (4th Cir. 2015); Evans v. Griffin, No. 14-CV-1091, 2015 WL 5577486, at *2 (M.D.N.C. Sept. 22, 2015) (unpublished); Pitts v. O'Geary, 914 F. Supp. 2d 729, 734 (E.D.N.C. 2012). Moreover, joinder would not defeat complete diversity because both absent parties are citizens of North Carolina under 28 U.S.C. § 1332. See Illinois v. City of Milwaukee, 406 U.S. 91, 97 (1972); Mecklenburg Cty. v. Time Warner Entm't-Advance/Newhouse P'ship, No. 3:05-CV-333, 2010 WL 391279, at *1 (M.D.N.C. 2010) (unpublished). SOHO, on the other hand, is not a citizen of North Carolina under 28 U.S.C. § 1332.

Barnhill and SCP-EW bear the burden of showing that Rule 19 requires dismissal. See, e.g., Johnson Controls, Inc., 2014 WL 689776, at *4. Even assuming that the City or the CFPUA are necessary parties, defendants have failed to meet that burden.

C.

If neither the City nor the CFPUA are necessary parties, the court need not decide whether either is an indispensable party. See Temple v. Synthes Corp., 498 U.S. 5, 8 (1990) (per curiam); cf. Trans Energy, Inc., 743 F.3d at 901; Maryland v. Universal Elections, Inc., 729 F.3d 370, 379

10

(4th Cir. 2013); Yashenko v. Harrah's N.C. Casino Co., 446 F.3d 541, 552–53 (4th Cir. 2006). However, even if the City and the CFPUA are necessary parties, neither is an indispensable party under Rule 19(b).

> Rule 19(b) provides:
>
> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> > (A) protective provisions in the judgment; or
> > (B) shaping the relief; or
> > (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). The Rule 19(b) inquiry is pragmatic, conducted "in light of the equities" of the particular case, and is "not mechanical." Schlumberger Indus., Inc., 36 F.3d at 1287. The Rule 19(b) factors overlap factually with the Rule 19(a) factors. See id. at 1287–88; Meade, 186 F.3d at 441. Moreover, these factors are not exhaustive. See Fed. R. Civ. P. 19(b).

Defendants argue that a judgment rendered in the absence of the City and the CFPUA would be fundamentally unfair in light of the interests of the City and CFPUA. See [D.E. 42] 9–10. The court rejects this argument. Despite defendants' argument to the contrary, the risk of an adverse judgment against Barnhill and SCP-EW, by itself, would not prejudice the City or the CFPUA to such a degree that they are indispensable parties. It is also not clear that issue preclusion would bind

11

the City or the CFPUA under North Carolina law. See Frinzi, 344 N.C. at 417, 474 S.E.2d at 130; Hales, 337 N.C. at 333–34, 445 S.E.2d at 594. Accordingly, Rule 19(b)(1) does not support finding that either the City or the CFPUA is an indispensable party.

Second, Barnhill argues that adjudication on the merits would require determining whether the City and the CFPUA's construction is reasonable. According to Barnhill, the City and the CFPUA are indispensable parties because they are the "primary actors" who would be prejudiced if this litigation proceeded without them. See [D.E. 42] 10–11.

The court rejects Barnhill's argument. The court could grant monetary damages on SOHO's nuisance claim without granting any injunctive relief, which would mitigate any possible prejudice to the City or the CFPUA. Moreover, joint tortfeasors are usually not necessary or indispensable parties under Rule 19. See Temple, 498 U.S. at 8; Carolina Power & Light Co. v. 3M Co., No. 5:08-CV-460-FL, 2010 WL 11420854, at *12 (E.D.N.C. Mar. 24, 2010) (unpublished). To the extent that Barnhill's argument asserts that the City or the CFPUA are analogous to joint tortfeasors (i.e., as the "primary actors" here), the court rejects that argument. Moreover, a finding of nuisance would not imply that the construction was unlawful. See In re N.C. Swine Farm Nuisance Litig., 2017 WL 2312883, at *5; Page v. Roscoe, LLC, 128 N.C. App. 678, 685, 497 S.E.2d 422, 427 (1998). Thus, Rule 19(b)(2) does not support finding that either the City or the CFPUA are indispensable parties.

As for the remaining Rule 19(b) factors, a judgment rendered in the absence of the City or the CFPUA would be adequate relief, and that judgment would reflect the nature of the claim and the damages. See Fed. R. Civ. P. 19(b)(3); Key Constructors, Inc., 315 F.R.D. at 185.

Finally, if the court granted the motions to dismiss, SOHO would have an adequate remedy in state court. See Fed. R. Civ. 19(b)(4). However, SOHO has a legitimate interest in its chosen forum. See, e.g., Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr., 94 F.3d 1407, 1413 (10th Cir.

12

1996); Key Constructors, Inc., 315 F.R.D. at 185. The "mere availability of an alternate remedy does not suffice to render" either the City or the CFPUA an indispensable party under Rule 19(b). Key Constructors, Inc., 315 F.R.D. at 185. Ultimately, the "availability of an alternative forum is ... of negative significance." Id. (quotation omitted). Thus, neither Rule 19(b)(3) nor Rule 19(b)(4) supports finding that the City or CFPUA is an indispensable party. Accordingly, even if the City and CFPUA are necessary parties under Rule 19(a) and joinder is not feasible, neither is an indispensable party under Rule 19(b).

III.

In sum, the court DENIES defendants' motions to dismiss [D.E. 41, 43]. The court DIRECTS the parties to engage in a court-hosted settlement conference with United States Magistrate Judge Jones.

SO ORDERED. This 10 day of January 2019.

JAMES C. DEVER III
United States District Judge